UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONTREZ IVELL DENNIS JACKSON,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE KROGER CO. et al,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:24-cv-02128-LK<br><br>ORDER TO SHOW CAUSE |

　　　This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders Defendant The Kroger Company to show cause why this case should not be remanded for lack of subject matter jurisdiction.

　　　On November 22, 2024 Plaintiff Montrez Ivell Dennis Jackson filed a complaint for injunctive and monetary relief in King County Superior Court. Dkt. No. 1-3 at 1, 11. The complaint names Kroger and Metro One Loss Prevention Services Group, Inc. as defendants. *Id.* at 1, 3. Mr. Jackson filed an amended complaint on December 18, 2024 naming the same defendants. Dkt. No. 1-4 at 1, 3. On December 23, 2024, Kroger removed this case to this Court based on diversity

ORDER TO SHOW CAUSE - 1

jurisdiction. Dkt. No. 1 at 2 (citing 28 U.S.C. § 1332(a)(1)). However, Kroger failed to meet its burden to show that the parties here are completely diverse.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is thus "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). In the removal context, defendants bear the burden of establishing that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In addition, courts strictly construe the removal statute against removal jurisdiction, with any doubts as to the right of removal weighing in favor of remand. *Moore-Thomas*, 553 F.3d at 1244.

Kroger's removal petition contains several deficiencies. First, it alleges Mr. Jackson's residency, not his domicile. Dkt. No. 1 at 2. For purposes of diversity jurisdiction, an individual's citizenship is determined by his state of domicile, not his state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not equivalent to citizenship."). Next, Kroger identifies its place of incorporation but not its principal place of business; both are required establish its citizenship. S*ee* 28 U.S.C. § 1332(c)(1); Dkt. No. 1 at 2. Kroger makes this mistake in the inverse for Defendant Metro One, alleging only its principal place of business but not its place of incorporation. Dkt. No. 1 at 2; *see also* Dkt. No. 2 at 2.[1] Because the information required

---

[1] For the same reasons, Kroger's diversity disclosure statement is also deficient. Dkt. No. 4; Fed. R. Civ. P. 7.1(a)(2).

ORDER TO SHOW CAUSE - 2

to determine complete diversity is not apparent on the face of the state court complaint, it was Kroger's responsibility to identify the needed information prior to removal.

Accordingly, no later than January 10, 2025, Kroger is ORDERED to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Specifically, Kroger must allege the citizenship of each of the parties as required under 28 U.S.C § 1332(a). Kroger must also file a corrected diversity disclosure statement that complies with Federal Rule of Civil Procedure 7.1. Failure to do so will result in remand.

Dated this 30th day of December, 2024.

*Lauren King*
Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3