UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONTREZ IVELL DENNIS JACKSON, | CASE NO. 2:24-cv-02128-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| THE KROGER CO. et al, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

The Court DENIES as premature Plaintiff Montrez Ivell Dennis Jackson's Motion to Compel, Dkt. No. 37, and STRIKES the related declarations at docket numbers 36, 38–40, and 42. This case has not yet proceeded to discovery. Absent a court order or other circumstances not present here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). In addition, "Rule 26 initial disclosures and discovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing." LCR 5(d). The Court further notes that under Local Civil Rule 37(a), the Court

may deny any motion to compel that does not contain the required "certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

The Court also DENIES Plaintiff's request to note his motion for remand for January 10, 2025, Dkt. No. 35 at 2, because (1) this request is procedurally improper because it has not been made in a motion and (2) motions to shorten time have been abolished in this District. LCRs 6(b), 7(b)(1).

The Court further STRIKES Plaintiff's declarations in the support of the complaint, Dkt. No. 41, and in support of the evidence, Dkt. No. 43. These are also procedurally improper. To the extent Plaintiff wishes to amend his complaint or file a dispositive motion, he must do so in accordance with the applicable rules. The Court emphasizes that it "expects all parties—pro se and those represented by counsel—to comply with the Court's procedural rules." *Capello v. Sziebert*, No. C13-5275BHS-JRC, 2014 WL 2465283, at *1 (W.D. Wash. June 2, 2014). The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Civil Rules for the United States District Court for the Western District of Washington are available at https://www.wawd.uscourts.gov/sites/wawd/files/042624%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf. The Western District of Washington has also published a guide to assist pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

Finally, the Court DENIES Plaintiff's Motion for Entry of Default, Dkt. No. 16, because Defendants have appeared and still have time to respond to the amended complaint. Defendants were served with the amended complaint on December 18, 2024, Dkt. No. 2 at 2, and have 21 days

from that date to respond, Fed. R. Civ. P. 81(c)(2)(A) (defendants that have not responded to a complaint prior to removal must answer or otherwise respond to a complaint within 21 days after receiving or being served with the operative complaint or seven days after the filing of the notice of removal, whichever is the longest period). *See also Delaney v. HC2, Inc.*, No. 24-CV-6287 (LJL), 2024 WL 4188871, at *2 (S.D.N.Y. Sept. 13, 2024*)* ("The most sensible interpretation of Rule 81(c)(2) is that the same principle applies when a case has been removed as is applied under Rule 12—the time to respond is measured from the date of service of the pleading to which a response is required."); *Fullerton v. Hist. Naval Mar. Found.*, No. 2:10-CV-00536 GEB KJN PS, 2010 WL 1783538, at *2 (E.D. Cal. Mar. 9, 2010) (similarly interpreting the 21-day response period to run from the "operative" complaint).

Dated this 6th day of January, 2025.

Ravi Subramanian
Clerk

/s/Natalie Wood
Deputy Clerk