1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONTREZ IVELL DENNIS JACKSON,

Plaintiff,

v.

THE KROGER CO. et al,

Defendants.

CASE NO. 2:24-cv-02128-LK

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

The Court addresses Plaintiff Montrez Ivell Dennis Jackson's numerous declarations and affidavits, and certain related filings.

As a general matter, declarations and affidavits have one purpose—to provide factual support for factual assertions in motions and briefs. *See* Fed. R. Civ. P. 7(a)–(b), 56(c); Fed. R. Evid. 602; 28 U.S.C. § 1746; LCR 7(b)(1); *see also Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018) (content in a declaration other than factual assertions supported by personal knowledge "goes beyond what is appropriate for a

MINUTE ORDER - 1

1 declaration"). They are not a procedurally proper way to amend a pleading, seek relief, or to

2 communicate with the Court. *See* Fed. R. Civ. P. 7(a)–(b), 15(a)(2), LCR 7(b)(1). When used in a

3 way that is "not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or

4 a direct order of this Court" a declaration becomes "a fugitive document and must be stricken from

5 the record." *Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev.

6 June 12, 2020) (quotation marks omitted). Mr. Jackson is reminded to ensure that his filings are

7 procedurally appropriate, or else they will continue to be stricken or denied. Links to the federal

8 and local rules, along with resources for pro se litigants, were included in the Court's prior minute

9 order. Dkt. No. 44 at 2.

10      **Dkt. Nos. 8, 9, 10, 11, and 12.** The Court STRIKES Mr. Jackson's declarations in support

11 of his various claims at docket numbers 8 through 12 as procedurally improper. If Mr. Jackson

12 wishes to amend his complaint with additional or supporting facts, he should seek Defendants'

13 consent or leave of Court. Fed. R. Civ. P. 15(a)(2). For reasons explained below, Mr. Jackson may

14 no longer amend his complaint as of right.

15      **Dkt. Nos. 15 and 22.** The Court also STRIKES the declarations at docket numbers 15 and

16 22. They are not authorized by any applicable rule and are thus procedurally improper.

17      **Dkt. Nos. 13, 13-1, and 55**. The Court next STRIKES Mr. Jackson's second and third

18 attempts at amending his complaint at docket numbers 13 (complaint attached at 13-1) and 55. Mr.

19 Jackson has already amended his complaint once, in state court prior to removal. Dkt. No. 1-4.

20 Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading ***once***

21 as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading

22 only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule

23 15(a)(2)'s requirement that a party seek leave of court also governs amendment of pleadings in

24

MINUTE ORDER - 2

1   actions removed from state court. *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When

2   a state court action is removed to federal court, the removal is treated as if the original action had

3   been commenced in federal court."); *see also Pontikis v. Lucid USA Inc.*, No. CV-22-02061-PHX-

4   GMS, 2023 WL 6127693, at *2 (D. Ariz. Sept. 19, 2023). Mr. Jackson did not obtain Defendants'

5   consent or seek leave of Court prior to filing his amended complaints at docket numbers 13, 13-1

6   and 55.

7       **Docket Nos. 67 and 69.** Because the Court strikes the amended complaint at docket

8   number 55, the Court DENIES AS MOOT Kroger's renewed motion to dismiss. Dkt. No. 67. The

9   Court also STRIKES Mr. Jackson's supplemental declaration in opposition to Kroger's renewed

10  motion to dismiss as procedurally improper. Dkt. No. 69. Mr. Jackson already filed a response to

11  the motion at docket number 68; the local rules only permit parties one response to a motion, not

12  multiple. LCR 7(b)(2).

13      **Docket Nos. 56 and 59.** Next, the Court will construe Mr. Jackson's affidavit filed at

14  docket number 56 as a response brief in opposition to Defendant Kroger Co.'s motion to dismiss.

15  But the Court STRIKES the declaration at docket number 59, which is styled as a declaration in

16  support of Mr. Jackson's opposition to Kroger's motion to dismiss, but contains argument that

17  should have been included in the response brief at docket number 56, and so functionally operates

18  as a second response brief.

19      **Docket Nos. 57 and 58.** The Court STRIKES the declarations at docket numbers 57 and

20  58 as procedurally improper. Both are styled as declarations in support of the amended complaint.

21  Mr. Jackson may not supplement his complaint with various supporting factual allegations

22  scattered across several subsequently filed declarations. If he wishes to amend his complaint, he

23  should obtain Defendants' consent or seek leave of Court. Fed. R. Civ. P. 15(a)(2).

24

MINUTE ORDER - 3

1    **Docket Nos. 62, 63, 64, and 65.** The Court will construe Mr. Jackson's declaration filed

2    at docket number 62 as a reply in support of his motion to remand. The Court reiterates that the

3    proper course here is to file a reply brief in support of a motion, not a declaration. *See* LCR 7(b)(3).

4    The Court STRIKES the declarations at docket numbers 63 and 64, styled as declarations in

5    support of Mr. Jackson's motion to remand, as duplicative and procedurally improper. These

6    declarations contain argument that should have been included in the reply brief at docket 62. The

7    Court also strikes the declaration at docket number 65, which appears to contain facts relevant to

8    the motion to remand and clarifications to the amended complaint. Any factual support for a

9    motion, opposition, or reply brief must be filed contemporaneously with the motion in only one

10   declaration signed by each person who has personal knowledge of such facts. *See* Fed. R. Civ. P.

11   7(a)–(b); Fed. R. Evid. 602; 28 U.S.C. § 1746; LCR 7(b)(1). Like the others, this declaration is

12   procedurally improper.

13   **Docket Nos. 14 and 66.** Finally, the Court DENIES Mr. Jackson's motion to compel

14   discovery responses at docket number 66. The Court has already explained that this case is not in

15   the discovery phase yet. Dkt. No. 44; *see also* Dkt. No. 46 (declining to enter a scheduling order).

16   Future discovery-related motions that are filed prematurely will continue to be summarily denied,

17   and may also result in additional sanctions. And because this case is not in the discovery phase

18   yet, the Court STRIKES Mr. Jackson's "discovery plan"—which is really a set of discovery

19   requests served on Defendants—at docket number 14. Even if this case were in discovery, the

20   filing would still be improper. "[D]iscovery requests and responses must not be filed unless they

21   are used in the proceedings or the court orders filing." LCR 5(d). Accordingly, Mr. Jackson should

22   not file free-floating discovery requests on the docket; if they are relevant to a properly filed motion

23   that complies with applicable court rules, they should be attached to that motion.

24

To summarize, and for the reasons stated above, the Court STRIKES docket numbers 8–15, 22, 55, 57–59, 63–65, and 69. The Court also DENIES the motions at docket numbers 66 and 67.

The Court cautions Mr. Jackson that it will no longer parse his nondescript declarations to determine whether they should be construed as something else; it is Mr. Jackson's responsibility to file the correct documents in the correct form, as failure to do so deprives opposing parties of fair notice and of a meaningful opportunity to respond. Mr. Jackson is reminded that pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). Failure to comply with applicable laws, rules, or orders may result in sanctions up to and including revocation of e-filing privileges and dismissal of the case altogether. 28 U.S.C. § 1651(a); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Shankar v. Microsoft Corporation*, No. C24-0308-JCC, 2024 WL 4664413, at *1 (W.D. Wash. Nov. 4, 2024) (revoking e-filing privileges after pro se plaintiff ignored Court's directives regarding proper filings).

Dated this 30th day of January, 2025.

Ravi Subramanian
Clerk

/s/Natalie Wood
Deputy Clerk

MINUTE ORDER - 5